UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-cr-46 (DWF/LIB) |
| v. | **REPORT AND RECOMMENDATION** |
| James Kelly Benson, | |
| Defendant. | |

---

This matter came before the undersigned United States Magistrate Judge upon Defendant's Motion for Pre-Trial Determination of the Admissibility of Co-Conspirator's Statements Pursuant to Rule 801(d)(2)(E), [Docket No. 28]; and his Motion to Suppress Wire Interceptions, Electronic Surveillance, and Other Evidence, [Docket No. 29]. The case has been referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. The Court held a hearing on March 17, 2014, regarding the Defendant's motions for discovery,[1] suppression, and dismissal. For reasons outlined below, the Court recommends that Defendant's Motions [Docket Nos. 28-29], be **DENIED**.

**I.    BACKGROUND**

James Kelly Benson ("Defendant") is charged in the present case with one count each of (1) conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and (2) possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Indictment [Docket No. 12]). Defendant was indicted on February 12, 2014, and made the present Motions on March 5, 2014. Trial is

---

[1] Defendant's discovery motions were the subject of a separate Order. [Docket No. 39].

scheduled before the Hon. Donovan W. Frank for May 19, 2014. (Order [Docket No. 38]).

## II. MOTION FOR PRE-TRIAL DETERMINATION OF THE ADMISSIBILITY OF CO-CONSPIRATOR'S STATEMENTS PURSUANT TO RULE 801(d)(2)(E) [Docket No. 28]

Defendant observes that the Indictment, [Docket No. 1], alleges a conspiracy, and he asks this Court for a pretrial evidentiary hearing concerning the admissibility of any statements that his alleged co-conspirators may allege at trial that he made. (See Docket No. 28).

The Federal Rules of Evidence, themselves, do not provide for the pretrial evidentiary hearing that Defendant seeks. Rather, Rule 801(d)(2)(E) merely provides that a co-conspirator's statements made "during and in furtherance of the conspiracy" are not hearsay.[2]

The Eighth Circuit, in Untied States v. Wood, 851 F.2d 185 (1988) has expressly held that Rule 801(d)(2)(E) does not provide for a pretrial determination of the admissibility of an alleged co-conspirator's statement. 851 F.2d at 187. As in the present case, the defendants in Wood made a motion seeking a determination before trial of whether a conspiracy existed, so as to determine whether the alleged co-conspirator's statement would be admissible. Id. Because Wood is directly on point, the Court believes it is appropriate to quote that decision at length:

> In ruling on the motion, the magistrate determined that United States v. Bell, 573 F.2d 1040 (8th Cir. 1978) provided the proper procedure for the admission of coconspirator's statements. In Bell, 573 F.2d at 1044, the court provided the following procedural steps to be used when the admissibility of a coconspirator's statement is at issue:
> (1) If the prosecutor propounds a question which obviously requires a witness to recount an out-of-court declaration of an alleged coconspirator,

---

[2] Specifically, the Rule provides:
 **(d) Statements That Are Not Hearsay.** A statement that meets the following conditions is not hearsay:
  **(2) An Opposing Party's Statement.** The statement is offered against an opposing party and:
   **(E)** was made by the party's coconspirator during and in furtherance of the conspiracy.
 The statement must be considered but does not by itself establish the declarant's authority under (C); the existence or scope of the relationship under (D); or the existence of the conspiracy or participation in it under (E).
Fed. R. Evid. 801(d)(2)(E).

> the court, upon a timely and appropriate objection by the defendant, may conditionally admit the statement.  At the same time, the court should, on the record, caution the parties (a) that the statement is being admitted subject to defendant's objection; (b) that the government will be required to prove by a preponderance of the independent evidence that the statement was made by a coconspirator during the course and in furtherance of the conspiracy; (c) that at the conclusion of all the evidence the court will make an explicit determination for the record regarding the admissibility of the statement; and (d) that if the court determines that the government has failed to carry the burden delineated in (b) above, the court will, upon appropriate motion, declare a mistrial, unless a cautionary instruction to the jury to disregard the statement would suffice to cure any prejudice.  See United States v. Stanchich, 550 F.2d 1294, 1298 (2d Cir. 1977).  The foregoing procedural steps should transpire out of the hearing of the jury.  See Fed. R. Evid. 104(c).
>
> Since a pretrial determination of the issue of conspiracy is not part of the procedure set forth in Bell, the magistrate denied the motion stating that at trial the judge would follow, if appropriate, the procedure enunciated in Bell.
> . . .
> Because this procedure offers the defendants adequate protection against the jury hearing inadmissable evidence, we find no error in the magistrate's ruling.

Wood, 851 F.2d at 187.

The Eighth Circuit's decision in Wood is directly on point, and is binding upon this Court.  Accordingly, the Court recommends that Defendant's Motion for Pre-Trial Determination of the Admissibility of Co-Conspirator's Statements Pursuant to Rule 801(d)(2)(E), [Docket No. 28], be **DENIED**.

### III. MOTION TO SUPPRESS WIRE INTERCEPTIONS, ELECTRONIC SURVEILLANCE, AND OTHER EVIDENCE [Docket No. 29]

Defendant asks this Court to suppress any "evidence obtained through wire interceptions, electronic surveillance, cellular telephone tracking devices, global positioning devices, thermal imaging devices, transponders, public or private cameras, or any other method," arguing generally that any such evidence was collected in violation of his constitutional rights.  (See Docket No. 29).  Defendant also asks for an evidentiary hearing concerning these issues.  (Id.).

3

With regard to wire interceptions, cellular telephone tracking devices, global positioning devices, and thermal imaging devices, the Government represents that this case does not involve any such evidence, and to the extent such evidence does exist, the Government will not use any such evidence in its case-in-chief. (Gov't's Resp. [Docket No. 35], at 9-10). Therefore, with regard to these categories of evidence, the Motion is moot.

The Government acknowledges that the case involves audio recordings of Defendant made by a confidential informant,[3] and also, photographs of Defendant. The Government represents that information concerning both the audio recordings and the photographs were provided to Defendant in discovery. (Id.)

However, despite Defendant's prior access to information concerning both the audio recordings and photographs, Defendant has not identified any specific reason in his Motion as to the basis for why he believes such evidence should be suppressed, and he has offered no factual or legal grounds for suppression.[4]

Where a defendant "alleges only the barest allegation of taint, . . . [s]uch allegations are not sufficient to require a[n evidentiary] hearing." United States v. Losing, 539 F.2d 1174, 1179 (8th Cir. 1976. Additionally, Defendant's failure to advise the Court of any factual or legal grounds whatsoever that would support his motion to suppress evidence, the Court may recommend denying his Motion "on that basis alone." United States v. Jones, No. 09-cr-260 (DWF/RLE), 2009 U.S. Dist. LEXIS 112286, at *10 (D. Minn. Oct. 30, 2009) (Erickson, C.M.J.) (citing United States v. Mims, 812 F.2d 1068, 1074 (8th Cir. 1987); and United States v. Quiroz, 57 F. Supp. 2d 805, 822-23 (D. Minn. 1999) (Mason, M.J.), adopted by 57 F. Supp. 2d 805, 811

---

[3] These audio recordings include both recordings made by the confidential informant while he or she was wearing a recording device, and recordings of telephone conversations between Defendant and the confidential informant made on the informant's telephone. (Gov't's Resp. [Docket No. 35], at 9).

[4] The Defendant's Motion suggests no specific circumstances that might amount to a violation of the Fourth, Fifth, or Sixth Amendments of the U.S. Constitution as a basis for suppressing the evidence now at issue.

(D. Minn. 1999) (Kyle, J.)), adopted by 2009 U.S. Dist. LEXIS 112176 (D. Minn. Dec. 2, 2009) (Frank, J.).

Because Defendant has given this Court no factual or legal grounds whatsoever as to why this Court should suppress either the audio recordings or the photographs at issue in this Motion, the Court recommends that Defendant's Motion to Suppress Wire Interceptions, Electronic Surveillance, and Other Evidence, [Docket No. 29], be **DENIED**.

IV. **CONCLUSION**

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED**:

1. That Defendant's Motion for Pre-Trial Determination of the Admissibility of Co-Conspirator's Statements Pursuant to Rule 801(d)(2)(E), [Docket No. 28], be **DENIED**, as set forth above; and

2. That Defendant's Motion to Suppress Wire Interceptions, Electronic Surveillance, and Other Evidence, [Docket No. 29], be **DENIED**, as set forth above.

Dated: March 31, 2014						s/Leo I. Brisbois
								LEO I. BRISBOIS
								United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by April 14, 2014**, a writing that

5

specifically identifies the portions of the Report to which objections are made and the bases for each objection.  A party may respond to the objections within **fourteen (14) days** of service thereof.  Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.